[Civil No. 4212.   Filed July 8, 1940.]

[104 Pac. (2d) 157.]

F. E. DEAN, Appellant, v. THE STATE BOARD OF EDUCATION OF THE STATE OF ARIZONA; R. T. JONES, ALFRED ATKINSON, GRADY GAMMAGE, T. J. TORMEY, H. E. HENDRIX, CLIFTON L. HARKINS, CARL HICKERSON and LAFE NELSON, Members of The State Board of Education of the State of Arizona, Appellees.

(1)

2

Mr. Urban R. Miller, for Appellant.

Mr. Joe Conway, Attorney General, and Mr. Edward P. Cline, Assistant Attorney General, for Appellees.

ROSS, C. J.—The appellant, F. E. Dean, who was the plaintiff below, brought this action in *mandamus* against the State Board of Education (composed of R. T. Jones, Alfred Atkinson, Grady Gammage, T. J. Tormey, H. E. Hendrix, Clifton L. Harkins, Carl Hickerson and Lafe Nelson) to compel it to retire him, as a teacher in the public schools of the state, upon a pension for the school year beginning July 1, 1939, under section 1046, Revised Code of 1928, as amended by section 5 of chapter 65, Laws of 1933.

The application for retirement was filed with the Board of Education on April 10, 1939, and the Board, on June 9, 1939, under the advice of the Attorney General, rejected such application and recommended that appellant re-submit it at or before the beginning of the school year 1940–1941.

The appellant, being dissatisfied with the action of the Board, on July 31, 1939, commenced this proceeding in the superior court of Maricopa county, and that court, after a hearing, dissolved the alternative writ. It is from this order the appeal is prosecuted.

The facts in the case are stipulated by the parties. It appears therefrom that appellant had a contract of employment as Superintendent of School District No. 2 in Coconino county for the school year ending June 30, 1939, at a salary of $300 per month. On January 5, 1939, he was re-employed for the school year beginning July 1, 1939, and ending June 30, 1940, at the same salary.

On March 30, 1939, the board of trustees of such school district discharged appellant. Thereupon, on March 31, 1939, he brought suit against the school district for a breach of his contracts, alleging his damages to be $900, or $300 per month for April, May and June of 1939, and $3,600 for the year 1939–1940. During the trial of this suit, it was stipulated by the school district and appellant that the court should enter judgment in favor of appellant for $900 for breach of the contract ending June 30, 1939, and $2,515 for breach of the contract ending June 30, 1940.

Shortly after bringing suit for damages, and before it was disposed of, on April 10, 1939, appellant made his application for pension, limiting it to the school year 1939–1940.

In view of these facts, the question is, Is appellant entitled to a pension for the school year 1939–1940? The law governing the situation is found in section 1046, Revised Code of 1928, as amended by section 5, chapter 65, Laws of 1933, reading:

"Retirement of Teachers; Method; Pension. Any person not less than sixty years of age, who has served for thirty years or more in the aggregate as a teacher in the public schools, fifteen years of which shall be in

the public schools of Arizona, or has served as a teacher in the public schools of Arizona for twenty years in the aggregate, and has become incapacitated through physical or mental disability as established by the testimony of three physicians, to perform the duties of a teacher, may, by order of the state board of education, be retired from further service in the schools of Arizona, and from such date the services of such person shall cease, and he shall retire, and thereafter during his lifetime shall be paid an annual pension of six hundred dollars in monthly instalments, as other claims are paid out of the appropriation for the state board of education. The state board shall immediately file with the state auditor a certified copy of the order of retirement, which shall be evidence to said auditor that such person is entitled to said pension; provided, that no person shall receive such pension who is in the service of and receiving remuneration therefor from the federal government or from any state, county, city or municipal government, or school district.''

It is stipulated that the appellant is over sixty years of age; that he has served as a teacher for thirty years in public schools, fifteen of them in Arizona public schools; that he is incapacitated through physical disability and on account of such incapacity is unable to perform the duties of a teacher, and that he is not in the service of, and not receiving remuneration from, the federal government or from any state, county, city, or municipal government, or school district.

Under the stipulation, appellant was incapacitated from physical disability to teach during the school year 1939–1940. If that be true, and we must so regard it, his contract with School District No. 2 to teach in said district for 1939–1940 was, or became, voidable for a failure of consideration. Although in such contract he engaged to teach the school year, by his own showing in his application for pension he was physically unable to teach. Notwithstanding his inability to perform his contract during such period, he drew from

the school district $2,515. For some reason, strangely not stated in the stipulation of the facts, the board of trustees canceled his contract and refused to let appellant teach—probably because of his physical incapacity. However, as a physically capable teacher, he sued the school district and obtained a judgment for $2,515, which we assume was paid to him. Notwithstanding, he now makes claim to a pension and represents himself as being physically incapacitated to teach during that period.

We think his conduct in accepting employment to teach was an assertion that he was able to perform his contract and that he ought not now, in order to obtain a pension, be permitted to say that he was not able to teach during that time. In other words, appellant should not be permitted to say that he was physically able to teach during the school year 1939–1940 and thereby induce a contract from the school district, upon which he received the sum of $2,515, and thereafter present a claim covering the same period of time to the State Board of Education asserting that he was during that period physically unable to teach and therefore entitled to a pension. Courts of justice cannot lend themselves to the accomplishment of such an unfair result. We think the judgment should be affirmed.

There is another reason why the judgment should be affirmed. It is essential that the person asking for a teacher's pension show to the State Board of Education that he "has become incapacitated through physical or mental disability as established by *the testimony of three physicians,* to perform the duties of a teacher" before the Board may grant such pension. Sec. 1046, *supra.* Neither the record nor the stipulation of the facts shows that appellant's inability to teach was testified to by *three physicians* or any other number of physicians. The stipulation of

the parties will not supply the fact of incapacity. Besides the parties, the public is interested in the pension fund. The statute provides how such proof must be made, and that is exclusive. The State Board of Education's jurisdiction to grant a pension is dependent on that proof. The Board cannot accept the testimony of one physician, however satisfactory and conclusive it may be, that the applicant is incapacitated. It must have the testimony of three. Nor can it accept a stipulation by the parties of the fact of physical incapacity.

Another thing, if appellant is entitled to a pension at all, it should be, under section 1046, *supra,* "during his lifetime" and not for one year. The Board has no power to grant a pension for temporary incapacity.

For the above reasons, the judgment is affirmed.

LOCKWOOD and McALISTER, JJ., concur.